# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HORACIO DEAVILA-CABRERA, | ) | |
|     Plaintiff | ) | C.A. No. 13-338 Erie |
| | ) | |
| v. | ) | District Judge Fischer |
| | ) | Magistrate Judge Baxter |
| UNITED STATES DISTRICT COURT, | ) | |
|     Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Plaintiff's claims be dismissed on jurisdictional grounds, *sua sponte*, in accordance with 28 U.S.C. §1915(e).

**II.    REPORT**

    **A.    Relevant Procedural and Factual History**

On November 13, 2013, Plaintiff Horacio Deavila-Cabrera initiated this *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, by filing a motion for leave to proceed *in forma pauperis* [ECF No. 1], along with an attached complaint [ECF No. 1-1]. In the caption of his *pro se* complaint Plaintiff lists the United States District Court as the Defendant, although it is apparent from his allegations that he is complaining about the medical treatment he received at the McRae Correctional Facility ("CCA McRae") in Georgia. In particular, Plaintiff claims that he suffered rib injuries resulting from a fight he had with another inmate at CCA McRae on February 3, 2013, which injuries he claims were not treated properly by the medical staff at CCA

McRae. As a result, he alleges that he now suffers from spinal injuries and possible injuries to his internal organs. (ECF No. 1-1, Complaint, at pp. 5-6). As relief for his claims, Plaintiff seeks monetary damages in the amount of $34,500,000. (Id. at p. 3, Section IV).

### B. Standards of Review

#### 1. Proceedings *in forma pauperis* under 28 U.S.C. § 1915

Evaluating motions to proceed *in forma pauperis* under 28 U.S.C. § 1915 is a two-step process. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). "First, the district court evaluates a litigant's financial status and determines whether he is eligible to proceed *in forma pauperis* under § 1915(a). Second the court assesses the complaint under [§ 1915(e)(2)] to determine whether it is frivolous." Id. citing Sinwell v. Shapp, 536 F.2d 15 (3d Cir. 1976); see also Schneller v. Able Home Care, Inc., 389 Fed.Appx .90, 92 (3d Cir. 1990). Therefore, only after the district court grants the request to proceed *in forma pauperis* may it dismiss the complaint as legally frivolous. See Jackson v. Brown, 460 Fed.Appx. 77, 79 n.2 (3d Cir. 2012) ("As a procedural matter, therefore, the District Court should have addressed Jackson's [*in forma pauperis*] motion before dismissing the complaint as frivolous, rather than deny the [*in forma pauperis*] motion as moot after dismissal."); Spuck v. Fredric, 414 Fed.Appx. 358, 359 (3d Cir. 2011) ("When a complaint is submitted along with an [*in forma pauperis*] application, the complaint is not deemed filed unless and until [*in forma pauperis*] status is granted. […] in that situation, the District Court must first rule on the [*in forma pauperis*] application and, only if it grants the application, proceed to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).").

28 U.S.C. §1915(e)(2), as amended, states in relevant part: "[t]he court shall dismiss the

case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). The U.S. Supreme Court has instructed that section 1915(e) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. In fact, the statute not only empowers the Court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman, 904 F.2d 192 at 195-96.

### 2. *Pro Se* Pleadings

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986).

Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999). See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. See, e.g., Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

**C.     Discussion**

**1.     Motion for Leave to Proceed *in forma pauperis***

In his motion, Plaintiff states that he is unable to pay the filing fee associated with this civil rights case. Attached to Plaintiff's motion is a copy of his inmate account statement which reveals that Plaintiff has maintained a negligible balance in his account for, at least, the past six

months. Based upon this disclosure, the Court finds that Plaintiff is without sufficient funds to pay the costs and fees of the proceedings, and accordingly, his motion for leave to proceed *in forma pauperis* [ECF No. 1] should be granted.

### 2. Assessment of Plaintiff's Complaint

As noted, it is apparent that Plaintiff's claims relate solely to the injuries he suffered and medical treatment he received at CCA-McRae, which is located in Georgia. Thus, Plaintiff is asking this Court to exercise personal jurisdiction over a correctional facility and its medical staff that are located in another state, far beyond this Court's jurisdictional limits. This the Court cannot do. If Plaintiff wishes to bring a civil rights action against the facility and/or individuals allegedly responsible for his injuries and medical maltreatment, he may do so by filing a separate action in the appropriate United States District Court in the district in which CCA-McRae is located, naming the appropriate parties as Defendants in that action.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 1] be granted, but that Plaintiff's claims be dismissed on jurisdictional grounds, *sua sponte,* in accordance with 28 U.S.C. §1915(e).

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir.

2011).

                                                   /s/ Susan Paradise Baxter
                                                   SUSAN PARADISE BAXTER
                                                   United States Magistrate Judge

Date:   January 6, 2014

cc:      The Honorable Nora Barry Fischer
         United States District Judge